Judge Wood
delivered the opinion of the court:
Under this issue, but two questions can be made. 1. Is the instrument declared on a record? 2. Is it such a one as the declaration describes? The defendants rest the defense mainly under the first branch of our inquiry, that the obligation declared on is no record. If he is correct in this position, there is an end of the plaintiff’s case, in this form of action. A scire facias is not his appropriate nor legal remedy, unless the foundation of this action is matter of record. Such is the law, that where the statute does nod *259 interpose and give the remedy to recover a debt, not of record, a scire facias does not lie.
To prove his cause of action, or his debt, as laid, the plaintiff has given in evidence the instrument purporting to be a recognizance, on which he claims to have declared, and which the minutes of the common pleas show was entered thereon and filed as part of their proceedings, on ^September 7,1831, and during the said [253 August term. This recognizance appears to me to be in the usual form, nor can I discover any material variance between it and the declaration. Is it, then, matter of record? The counsel for the defendants do not deny but that the orders, and the decrees, and the minutes of the proceedings of the court of common pleas, in those cases in which no final record is made, or is required to be made, are legal evidence and matter of record, if the court was in the exercise of its legitimate power and authority. The Supreme Court have so ruled on the circuit in more instances than one. ' The counsel, however, insist that the court had not the authority to take this recognizance, because they were not sitting as an “ examining court,” to inquire, where both the person and the charge were before them. Sow is this? The declaration avers that William Dawson had been committed by the justice on a charge of having in his possession counterfeit notes with the intention to pass them; and that, being in the custody of the sheriff under said commitment, he, Joseph Dawson and Ransom, the defendants, appeared in open court and entered into the recognizance in question. Were the court not in the exercise of their legitimate functions? It is true there is no statutory provision giving to the court the express power, when sitting as a court, without inquiry, to take the recognizance of a person accused of crime. It is a power, however, which has too long been exercised by all courts of criminal jurisdiction to be now questioned. Our constitution provides that all persons shall be bailable by sufficient sureties, unless'for capital offenses. The statute directing the mode of calling an examining court has reference to a prisoner confined in jail, in vacation. The associate judges are to be notified; the prosecutor is to attend; and it is only in such case that an examination into the circumstances of the charge is required. Counsel must be wrong in supposing that the court of common pleas can not recognize a person in custody, charged with crime, who voluntarily submits to enter into such obligation, without inquiry, or without having *260 the charge before them. It is a power incident to every criminal court, and has been practiced in this state since its organization. The order of the court to the sheriff to bring up the prisoner, without a habeas corpus, to be admitted to bail, and to admit him 254] without inquiry, as to the circumstances *of the crime, to bail, for his appearance from day to day, and without the accusation boing laid formally before the court, is, in our view, fully warranted by long-established usage. It follows, then, that such a recognizance, properly taken, is valid; and being a proceeding of our courts, authorized by law, required to be journalized, and actually entered on the minutes of a court of record, it is matter of record on which a scire facias will lie.
The counsel for the defendants next.contends that this recognizance is in too general terms; is void for uncertainty, and, therefore, not matter of.record on which an action can be sustained. The condition, as set out in the declaration, is, that the said William Dawson appear here, from day to day, during the present term, to answer what may be objected against him, and not depart without leave. This is in the usual form, and no substantial objection to it is perceivable. It is unnecessary to specify any charge in the recognizance which had been made against the accused, and for which alone he is to appear and answer, although it is necessary to aver in declaring on such a recognizance that the defendant was in custody on an accusation for some offense, or had been charged with some crime, before the court could hold him legally responsible for having forfeited his recognizance. And so the court decided in the State v. Doyle, Franklin County Supreme Court. The declaration contains this averment.
Sow then stands the case ¶ The defendant, William Dawson, was committed by a magistrate on a criminal charge, while in custody, by order of the common pleas then in session; he entered into a recognizance with sureties for his appearance, from day to day, to answer what might be objected against him, and not to depart without leave; an indictment was found for the very crime for which he was committed; he was called and did not appear, and the recognizance forfeited. The plaintiff shows us the justice’s docket, the mittimus and return, the recognizance, the indictment, and forfeiture; the scire facias contains every requisite, substantial averment; there appears to us to be just such a record as *261 the plaintiff has described, and we are unanimous in the opinion that the plaintiff is entitled to recover.
Judgment for plaintiff.