Birchard, J.,
dissenting. There is.nothing more-difficult than the construction of statutes; particularly those of this State. Owing to imperfection of language and inconsistent *582 provisions found sometimes to exist, great ambiguity and doubt attends them, and the true meaning is, often, not easily comprehended. Difficulty of construction, however, does not justify a departure from the obvious letter of the statute, nor will it warrant the introduction of an exception directly against its express provisions. Instances may, and frequently do occur, where the letter of a statute must be departed from in order to preserve its spirit and prevent an absurdity.
A departure from the plain words of the law should never be indulged in, save in those cases where it is required to give effect to the manifest intentions of the Legislature, and to make the whole law accord with reason and sound discretion. It is also admitted, that statutes relating to the same subject should be construed together, so that all the parts may form a consistent whole. The recognizance in this case was taken by a single judge, under a supposition that power was given to him for that purpose by the act of 1831, sec. 20, which is-in these words:
“When any person charged with the commission of any c bailable offence shall be confined in jail, whether committed c by warrant under the hand and seal of any judge or justice of ‘ the peace, or by the sheriff or coroner under any capias upon ‘ indictment found, it may be lawful for any Judge of the Su- ‘ preme Court or President Judge of the Court of Common ' Pleas within his circuit, or Associate Judge within his county, ' to admit such person to bail, by recognizing such person in ‘ such sum and with such securities as to him shall seem proper, '■ conditioned for his or her appearance before the proper court, ‘ to answer the offence wherewith he or she may be charged; c and for taking such bail, the judge may, by his special ware rant, under his hand and seal, require the sheriff or jailor c to bring such accused person before him, at the court house of c the proper county, at such time as in said warrant the judge ‘ may direct.”
Upon this section, standing alone, there could be no doubt of the right to exercise the power claimed in this case on the part *583 of the State. But, owing to other provisions of the law and for reasons given by my brethren, they read this section of the statute as if it contained a clause restraining the direct and plain import of its words, to this effect: Provided, that during term time of the Court of Common Pleas no Judge of the Supreme Court, nor any other judge, shall, in any of the before enumerated cases, let to bail any such.person or persons. This may be the mere construction of a statute. It seems to me that it is amending the law, not declaring what it is. The power to let to bail is vested in the Court of Common Pleas. This was so settled in The State v. Dawson, 6 Ohio Rep. 251, This power, which is inherent, is not exclusive, nor can it be exercised except in term time and by a full court, of at least three judges, when in actual session. During the actual session no single judge can let to bail without the concurrence of a majority of the Court; not because the letter of the statute forbids, but because, in that place, he is a component part of the Court, and therefore, cannot be known officially in any other manner than as such, and through its records.
The first and second sections of the act provides for calling together an examining Court, in a specified case, to be held by the associate judges, authorizing them to let to bail, and if security cannot be procured, to commit to prison. By the third section in such case they are required to fix the amount in which bail may be taken, and any Judge of the Supreme Court or Court of Common Pleas may thereafter discharge on the giving of such bail. Now, it seems to me that all these laws should be construed together. They constitute parts of one system, are framed to secure individuals against useless hardships, are in favor of liberty, and should receive a liberal construction, to the end that the beneficent objects of the Legislature may be promoted.
I hold that they may all well stand together, and that there are objects of frequent occurrence in practice upon which each may' operate beneficially. All the Courts of the State are in the practice of holding two sessions a day, with intervening adjournments. Nothing is more common than adjournments *584 during term time from.' day to day, or from a day .certain to .a daY certain.. This .may happen from necessity,.as in case of sickness. It may occur.from a variety of causes, convenience of parties or the public. Still, by a fiction of law, all the proceedings of the Court are the doings of one day. The judgments are all of the day of the commencement of the term. The recognizances of the same day, arid‘in contemplation of law there- is but one session at each term. Take then a case where, during term time, the Common Pleas adjourns over for a week-,- or- for four weeks, to give place to. a term of the Supe-' rich- Court — a case of not uncommon occurrence in Hamilton county — must a man lie in jail during this period for the want of a Jüdge'to let him to bail ? The united profession will answer in the negative; I answer ho, and' assert that the 20th section- meets such a case, and. was doubtless intended to provide for it. Without that section there-is no remedy. With it, as modified by judicial1 construction, there is .rione that I can discover. ’ The constitution gives none to a single Judge, or to any Court, and the statutes being silent, a numerous class of cases, süch as I have supposed, will frequently occur to mark by their harshness, and an- imprisonment not contemplated by the constitution, either a' gross neglect of .duty on the part-of .the Legislature or an error of. this portion of the jhdiciary of the State.
The argument that, under a different construction, a single Judge'may Corruptly defeat the action of the Court in session, by doing severally .out. of Court what in -full bench had been refused, has sortie .plausibility, but is not sound and should'have no force except with the Legislature. I know not that anything has ever occurred in Ohio to require at their hands legislation to guard specially against such an-enormity. Ample provision is now made ,to meet and punish the conduct óf a. corrupt Judge, and let the harshest penalty of the law follow whenever and as often.as corrupt judicial action may occur. I am-sure .that the evil is not-so likely to happen as to require judicial legislation to prevent it. The case made by' the pleadings is not of that description. Any one of several reasons may have *585 existed, consistently with the averments of the special plea which rendered it proper, as it was lawful for the single Judge to take this recognizance during term time of the Court of Common Pleas, and on a day in which that Court held a session. For instance : two of the other Judges may have borne some relation to the accused which prevented them from acting. They may have been counsel, connected by blood, or may have been prevented from acting by sudden illness. After the amount of bail was fixed by the Court it may have adjourned over for the day, before the prisoner could get his bail in Court. It may have adjourned for a week, or four weeks, early in the day, and still the plea may be true in its averment that the recognizance was taken in term time, and that the Court held a session on the 17th, the day it bears date.
The judgment of the Court of Common Pleas, in my opinion, was not erroneous. That Court interpreted the statutes Well.